# United States Court of Appeals
# for the Fifth Circuit

─────────

United States Court of Appeals
Fifth Circuit

**FILED**
December 17, 2020

Lyle W. Cayce
Clerk

No. 20-50387
Summary Calendar

─────────

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DOMINGO TORIBIO-MENDOZA,

*Defendant—Appellant*,

CONSOLIDATED WITH

─────────

No. 20-50389

─────────

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DOMINGO TORIBIO-MENDOZA, *also known as* DOMINGO TORIBIO-MEONDOZA, *also known as* RAMON TORBIO-MENDOZA, *also known as* RAMON MENDOZA, *also known as* DOMINGO MENDOZA-TORIBIO,

*Defendant—Appellant*.

No. 20-50387
c/w No. 20-50389

Appeals from the United States District Court
for the Western District of Texas
USDC No. 4:19-CR-162-1
USDC No. 4:19-CR-904-1

Before JOLLY, ELROD, and GRAVES, *Circuit Judges*.

PER CURIAM:*

Domingo Toribio Mendoza appeals his sentence of 16 months in prison and three years of supervised release, which the district court imposed following his guilty plea conviction for illegal reentry, in violation of 8 U.S.C. § 1326.  He also appeals from the judgment revoking his supervised release. Toribio-Mendoza contends that the recidivism enhancement under § 1326(b) is unconstitutional because it allows a sentence above the otherwise applicable statutory maximum of two years of imprisonment and one year of supervised release, *see* § 1326(a); 18 U.S.C.§§ 3559(a)(5), 3583(b)(3), based on facts that are neither alleged in the indictment nor found by a jury beyond a reasonable doubt.  He concedes that the issue is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but he seeks to preserve the issue for further review.  The Government moves, unopposed, for summary affirmance, asserting that Toribio-Mendoza's argument is foreclosed.

The parties are correct that Toribio-Mendoza's assertion is foreclosed by *Almendarez-Torres*.  *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014); *United States v. Pineda-Arrellano*, 492 F.3d 624, 625-26 (5th Cir. 2007).  Further, Toribio-Mendoza has abandoned a challenge to the revocation of his supervised release by failing to brief an argument as to the revocation.  *See United States v. Reagan*, 596 F.3d 251, 254-55 (5th Cir. 2010).

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-50387
c/w No. 20-50389

Accordingly, the motion for summary affirmance is GRANTED, *see Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), the Government's alternative motion for an extension of time to file a brief is DENIED, and the judgments of the district court are AFFIRMED.